

**SO ORDERED.**

**SIGNED this 10 day of February, 2010.**

                                              **Stephani W. Humrickhouse**
                                              **United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| SCOTT ARTHUR WADDELL | 08-02370-8-SWH |
|     DEBTOR | |
| | |
| LYON FINANCIAL SERVICES, INC. d/b/a BANCORP BUSINESS EQUIPMENT FINANCE GROUP | ADVERSARY PROCEEDING NO. |
|     Plaintiff | H-08-00118-8-AP |
| v. | |
| SCOTT ARTHUR WADDELL | |
|     Defendant. | |

### ORDER DENYING MOTION TO SET ASIDE DEFAULT JUDGMENT

The matter before the court is the motion to set aside default judgment filed by the defendant, Scott Arthur Waddell. A hearing took place in Raleigh, North Carolina on February 3, 2010.

Lyon Financial Services, Inc. filed the complaint in this adversary proceeding on July 18, 2008. On August 12, 2008, Mr. Waddell's attorney, Danny Bradford, filed an "Acceptance of Service" dated August 6, 2008, acknowledging receipt of the summons and complaint on behalf of

Mr. Waddell. Following the acceptance of service, Mr. Waddell failed to file an answer. The clerk entered default on September 3, 2008. On October 9, 2008, a hearing took place before the Honorable A. Thomas Small, now retired, on Lyon's motion for default judgment. After determining that no pleading had been filed in response to the complaint and no extension of time to file pleadings had been granted, the court entered a default judgment against Mr. Waddell on October 9, 2008. Nearly a year later, Mr. Waddell filed a motion to reopen the adversary proceeding on August 5, 2009, which the court granted on August 6, 2009. Mr. Waddell filed the present motion to set aside the default judgment on September 11, 2009.

Mr. Waddell contends that he was unable to defend himself in the proceeding because he was incarcerated from June 2008 to December 2008 and therefore had no knowledge of the proceeding. Mr. Bradford states that he accepted service on behalf of Mr. Waddell because the dispute was anticipated at the time that Mr. Bradford was retained to handle the bankruptcy case and that he had accepted fees for the representation of Mr. Waddell in the anticipated adversary proceeding. Mr. Bradford further states that he could not make contact with Mr. Waddell during the period of incarceration, and in turn was unable to prepare an answer. Although Mr. Bradford was in contact with Mr. Waddell's wife and Mr. Waddell's criminal defense attorney concerning the dispute, Mr. Waddell claims that neither his wife nor the defense attorney communicated with him regarding the adversary proceeding. Finally, Mr. Waddell states that he was arrested on charges related to claims in the proceeding, and the charges have since been dismissed with prejudice. It is therefore Mr. Waddell's position that his failure to participate in the proceeding is the result of excusable neglect, and that it would be unfair to allow the judgment to stand given that it was entered while he was incarcerated.

Lyon contends that the fact of Mr. Waddell's incarceration alone does not rise to the level of excusable neglect that would justify setting aside the judgment. According to Lyon, Mr. Bradford accepted service and indicated that his client was in jail, but did not request an extension of time to respond to the complaint. Further, a hearing was held on the motion for default judgment to ensure that Mr. Waddell had an opportunity to respond, either on his own or through his attorney. In addition, Lyon contends that Mr. Waddell failed to offer a meritorious defense. According to Lyon, a claim of innocence is insufficient to establish a meritorious defense.

A default judgment should be set aside where the "defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense." United States of America v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). A meritorious defense can be established by presenting or proffering "evidence, which, if believed, would permit either the [c]ourt or the jury to find for the defaulting party." Id. In addition, the party seeking relief must show that it has satisfied one of the six subsections of Rule 60(b) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 9024 of the Federal Rules of Bankruptcy Procedure. See Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993).

The court finds that Mr. Waddell failed to act with reasonable diligence in attempting to set aside the default judgment. Mr. Waddell has not challenged the sufficiency of service of the summons and complaint, leaving the court to assume service was properly effected. Further, a significant amount of time passed between Mr. Waddell's release from jail and his motion to reopen the present proceeding. Although Mr. Waddell indicates that he was incarcerated through December 2008, nothing happened between the closing of this case on October 21, 2008, until the motion to

reopen was filed on August 5, 2009. By the time the motion to set aside default judgment was filed, nearly a year had passed since the case was closed.

As to a "meritorious defense," Mr. Waddell asserts that the criminal charges against him, which were related to the claims in the adversary proceeding, were later dropped. In addition, Mr. Waddell's counsel acknowledges that his proposed answer is essentially a general denial of the claims raised in the complaint. A claim of innocence, however, is not sufficient to establish a meritorious defense. Beaman v. White (In re White), Case No. 06-00047-8-JRL (Bankr. E.D.N.C. Aug. 1, 2006). In White, the defendant received the summons and complaint, but was incarcerated shortly before the time to respond expired. The defendant alleged that she was unable to respond due to her incarceration, and that she did not receive notice of the motion for default judgment until the day after the hearing. The court found that the defendant failed to establish a meritorious defense, noting that

> [the defendant's] motion to vacate default judgment addresses the reasons for her failure to appear or answer the complaint; however, no evidence is presented that would allow the court to find for the defendant. The only attempt at a defense is a denial of the allegations made in the complaint.

Id. at 4.

Much like the defendant in White, Mr. Waddell has simply offered a claim of innocence and a general denial as his "meritorious defense." No evidence was presented to the court for consideration in light of the allegations raised in the complaint. Mr. Waddell therefore has not raised a meritorious defense to support his request to set aside the judgment.

Even if Mr. Waddell had established reasonable diligence and a meritorious defense, he has not established any reason under Rule 60(b) of the Federal Rules of Civil Procedure that relief should be granted. Mr. Waddell seeks relief primarily as a matter of due process, asserting that he

4

should have the chance to defend himself in the present action. He further asserts that his failure to appear is the result of excusable neglect. The court finds, however, that Mr. Waddell has not established either of these grounds for relief. First, the fact that Mr. Bradford was engaged and paid not only for representation in the bankruptcy case, but also to defend Mr. Waddell in an adversary proceeding shows that a dispute such as the present matter was anticipated. Mr. Waddell therefore should have been more diligent in determining whether the adversary proceeding had been filed. Because Mr. Bradford accepted service, it is clear that Mr. Waddell would have known about the existence of the proceeding sooner had he made a timely effort to contact Mr. Bradford. Instead, it appears that Mr. Waddell failed to contact Mr. Bradford while incarcerated and continued to neglect his bankruptcy-related legal affairs for a substantial amount of time after his release.

Based on the foregoing, the court finds that Mr. Waddell has failed to establish reasonable diligence, a meritorious defense, or excusable neglect. Accordingly, Mr. Waddell's motion to set aside the default judgment is **DENIED.**

**SO ORDERED.**

**END OF DOCUMENT**